UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOBETE MUSIC COMPANY, INC.<br>and W CHAPPELL MUSIC CORP.<br>d/b/a WC MUSIC CORP.,<br><br>　　　　　　　　　Plaintiffs,<br><br>V.<br><br>SICILY COAL LLC<br>and ANTHONY PRIFITERA,<br><br>　　　　　　　　　Defendants. | CIVIL ACTION NO. |

# COMPLAINT

Plaintiffs, Jobete Music Company, Inc. and W Chappell Music Corp. d/b/a WC Music Corp., for their complaint against Defendants, Sicily Coal LLC and Anthony Prifitera, allege:

1. This is a suit for copyright infringement under Title 17 of the United States Code.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a) because it is a civil action arising under the Copyright Law of the United States.

3. Venue in this District is proper pursuant to 28 U.S.C. § 1400(a) because the Defendants reside and may be found in this District.

4. Plaintiffs allege three (3) causes of action for copyright infringement based on the Defendants' public performances of Plaintiffs' copyrighted musical compositions.

5. SCHEDULE A, annexed to the Complaint, sets forth in table form the details of the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

22745408.1

**THE PARTIES**

6. On information and belief, Defendant Sicily Coal, LLC is a limited liability company organized under the laws of the State of Connecticut, with a principal place of business located at 412 Main Street, Middletown, Connecticut 06457.

7. At all times hereinafter mentioned SCL did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as the Sicily Coal Fired Pizza ("Sicily"), located 412 Main Street, Middletown, Connecticut 06457.

8. Musical compositions were and are publicly performed at Sicily.

9. Defendant Anthony Prifitera ("Prifitera") is an individual who resides and/or does business in this District.

10. At all pertinent times, Prifitera was, and still is, an owner, officer, and/or member manager of Sicily Coal, LLC.

11. At all pertinent times, Prifitera was, and still is, responsible for the control, management, operation and maintenance of the affairs of Sicily Coal, LLC.

12. At all pertinent times, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at Sicily, including the right and ability to supervise and control the public performance of musical compositions at Sicily.

13. Each Defendant derives a direct financial benefit from the public performance of musical compositions at Sicily.

14. The Plaintiff names in Column 2 of Schedule A* are the owners of the copyrights in the original musical compositions listed in Column 3 and are properly joined in this complaint under Rule 20 of the Federal Rules of Civil Procedure.

---

* All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

22745408.1

15. Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its more than 1 million songwriter, composer, and music publisher members.

16. Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

## **DEFENDANTS' COPYRIGHT INFRINGEMENT**

17. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights. Defendants' knowledge and intent are established by at least the following facts.

18. Going back several years, ASCAP has attempted to contact the Defendants, or their representatives, agents, or employees, to offer an ASCAP license for Sicily.

19. ASCAP's representatives have contacted, or attempted to contact, Defendants via mail, electronic mail, and telephone.

20. Defendants have refused all of ASCAP's offers of an ASCAP license for Sicily.

21. ASCAP's numerous communications offering to a license for Sicily gave Defendants notice that unauthorized performances of ASCAP's members' musical compositions at Sicily constitute copyright infringement.

22. Notwithstanding the foregoing, Defendants have continued to present public performances of the copyrighted musical compositions of ASCAP members at Sicily, including the copyrighted works involved in this action, without permission, during the hours that the establishment is open to the public for business and presenting musical entertainment.

23. The many unauthorized performances at Sicily include the performances of the three copyrighted musical compositions upon which this action is based.

24. The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

25. The original musical compositions listed in Column 3 were published on the dates stated in Column 5, and since the date of publication have been printed and published in conformity with Title 17 of the United States Code.

26. The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified in Column 6.

27. The original musical compositions named in causes of action one and two are now in the renewal term of copyright, secured by due filing of an application for renewal of copyright in the office of the Register of Copyrights. The Register of Copyrights thereupon issued Certificates of Registration of the respective claims to the renewal of copyrights in the names of those claimants listed in Column 7. The dates and identification numbers of such certificates are set forth in Column 8.

28. Defendants on the dates specified in Column 9, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by giving public performances of the compositions at Sicily.

29. The public performances at Sicily of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 7 were unauthorized.

30. At the times of the acts of infringements complained of, the Plaintiff named in each cause of action was the owner of the copyright in the composition therein names.

31. Neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff, ASCAP, or any agent, servant, or employee of any Plaintiff, to give such performances.

32. Defendants knowingly and intentionally infringed Plaintiffs' copyrights.

22745408.1

33. Unless enjoined, Defendants intend to and will continue such infringing performances.

34. Defendants' wrongful acts have caused and are causing injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains the Defendants from continuing to offer unlicensed public musical performances, Plaintiffs will suffer irreparable injury, for all of which Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I. That Defendants and all persons acting under the direction, control, permission or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions – or any of them or any other compositions in the ASCAP repertory for which Defendants have no license – and from causing or permitting the compositions to be publicly performed at Sicily, or at any place owned, controlled, managed, or operated by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise;

II. That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred and Fifty Dollars ($750) in each cause of action herein;

III. That Defendants be ordered to pay the costs of this action and that reasonable attorneys' fees be allowed as part of the costs; and

IV. For such other and further relief as may be just and equitable.

22745408.1

Dated:  March 3, 2025

        Respectfully submitted,

        JOBETE MUSIC CO., INC.
        and W. CHAPPELL MUSIC CORP.
        d/b/a WC MUSIC CORP.,
        By their attorneys,

        PRETI FLAHERTY BELIVEAU
        & PACHIOS, LLP


        /s/ Eric Osterberg
        Eric C. Osterberg (ct22679)
        60 State Street, Suite 1100
        Boston, MA  02109
        (617) 226-3800
        eosterberg@preti.com

22745408.1